UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KING BLOSSOM NATURAL, LLC., a
Washington limited liability
company, d/b/a KING BLOSSOM
CA,

               Plaintiff,

      v.

WAUSAU BUSINESS INSURANCE
COMPANY, a foreign
corporation; HARTFORD STEAM
BOILER INSPECTION & INSURANCE
COMPANY, a foreign
corporation,

             Defendants.

NO. CV-05-133-EFS

**ORDER DENYING PLAINTIFF'S
MOTION TO REMAND**

    **BEFORE THE COURT** for hearing without oral argument is Plaintiff
King Blossom Natural, LLC's Motion to Remand, (Ct. Rec. 8).  The Court
has reviewed the motion, briefs, and record and now enters this Order
**denying** Plaintiff's motion.

**I.  BACKGROUND**

    On April 5, 2005, Plaintiff filed suit against Defendants Wausau
Business Insurance Company ("Wausau") and Hartford Steam Boiler
Inspection & Insurance Company ("Hartford") in Okanogan County
Superior Court, (Ct. Rec. 1 at 7).  On April 5, 2005, the Insurance

ORDER DENYING PLAINTIFF'S MOTION TO REMAND * 1

Commissioner of the State of Washington ("Insurance Commissioner")
accepted service on behalf of Hartford and Wausau in the
aforementioned Okanogan County suit, (Ct. Rec. 1 at 16; Ct. Rec. 18 at
5), as authorized by Revised Code of Washington ("RCW") § 48.05.200.
Mr. Russell Yates, a Colorado State attorney, signed an Acceptance of
Service on April 19, 2005, on behalf of Wausau, (Ct. Rec. 15 at 3),
after it was forwarded to him by the Insurance Commissioner.

On May 2, 2005, Hartford filed a notice of removal of Plaintiff's
case to the Eastern District of Washington, (Ct. Rec. 1) which did not
contain an explicit joinder by Wausau. However, on May 6, 2005,
Wausau filed a Demand for Jury, (Ct. Rec. 5). Additionally, on May 9,
2005, Wausau filed an answer to Plaintiff's complaint with this Court,
(Ct. Rec. 7). In its answer, Wausau "admits that venue and
jurisdiction is proper in the United States District Court for the
Eastern District of Washington. . . ." *Id.* at 3. Thereafter,
Plaintiff filed its Motion to Remand this matter to Okanogan County
Superior Court, (Ct. Rec. 8).

## II. Discussion

"The burden of establishing federal jurisdiction is on the party
seeking removal and the removal is strictly construed against removal
jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261,
1265 (9th Cir. 1999). A defendant may remove a civil case to federal
court if it is clear from the plaintiff's complaint there is either a
"federal question" or diversity jurisdiction. 28 U.S.C. § 1441(a) &
(b). However, even if the case is removable by these standards, all

ORDER DENYING PLAINTIFF'S MOTION TO REMAND * 2

1 removals must comply with procedural requirements created by Congress.

2 First, the

> defendant or defendants desiring to remove any civil action
> or criminal prosecution from a State court shall file in the
> district court of the United States for the district and
> division within which such action is pending a notice of
> removal . . . .

6 18 U.S.C. § 1446(a).  In cases involving multiple defendants,

7 "[s]ection 1446 requires all proper defendants to join or consent to

8 the removal notice." *Prize Frize, Inc.*, 167 F.3d at 1266.  Second, the

9 notice of removal must be "filed within thirty days after receipt by

10 the defendant, through service or otherwise, of a copy of the initial

11 pleading setting forth the claim for relief upon which such action or

12 proceeding is based . . . ." 28 U.S.C. § 1446(b).

13     Thus, in determining whether Plaintiff's Motion to Remand should

14 be granted, the Court must determine whether Hartford's attempt to

15 remove this case to federal court complied with the procedural

16 requirements of 28 U.S.C. § 1446.  In doing so, the Court must

17 consider whether Defendants unanimously gave notice of removal or

18 effectively consented thereto.  If adequate notice or consent to

19 removal was given, the Court must then determine whether the notice

20 and/or consent were timely made.

21 **A. Notice of Removal and Consent**

22     As stated above, the Ninth Circuit has interpreted 28 U.S.C. §

23 1446(a) as requiring all defendants to either join in a notice of

24 removal or consent to removal thereafter. *Prize Frize, Inc.*, 167 F.3d

25 at 1266.  It is undisputed that Wausau did not join in Hartford's

26 Notice of Removal. Consequently, Plaintiff argues this case must be

ORDER DENYING PLAINTIFF'S MOTION TO REMAND * 3

1  remanded for lack of unanimity between Defendants.  However,

2  Defendants claim, despite Wausau's failure to join Hartford's Notice

3  of Removal, Wausau's conduct before and after the Notice of Removal's

4  filing constitutes consent to removal.

5     Defendants point to three specific instances they believe

6  constitute consent.  First, Defendants allege, during several

7  telephonic conversations prior to Hartford's removal filing, counsel

8  for Wausau "verbally expressed" consent to removal to counsel for

9  Hartford.  (Ct. Rec. 15 at 2; Ct. Rec. 16 at 5.)  Second, Defendants

10 argue Wausau's decision to file an Answer with this Court, in which it

11 agrees jurisdiction is proper, is an expression of Wausau's consent to

12 removal.  Third, Defendant's assert Wausau's filing of a jury demand

13 after Hartford's removal is further evidence of its consent to

14 removal.

15    Plaintiff responds by arguing consent must be expressed in

16 writing and that Wausau's pre-removal consent is ineffectual because

17 it was not expressed in Hartford's Notice of Removal.  Plaintiff also

18 appears to contend that neither Wausau's Answer nor Demand for Jury

19 constitute "consent" to removal, because neither filing expressed

20 "unequivocal consent" to removal. (Ct. Rec. 18 at 4.)

21    None of the parties have offered any conclusive case law on the

22 subject of what constitutes "consent" to removal if a defendant has

23 not formally joined another party's notice of removal.  However,

24 despite the lack of cited law on the subject, the Court agrees with

25 Defendants that the filing of a jury demand and answer that recognizes

26 jurisdiction is proper constitutes consent to an earlier filed notice

ORDER DENYING PLAINTIFF'S MOTION TO REMAND * 4

of removal.  Thus, the Court finds that there was consent to removal by both Defendants for two reasons: the defendants orally agreed to remove the case to federal court, and Wausau's post-removal filings do constitute consent.

**B. Timeliness**

Because Defendants have both expressed consent to removal, the Court must now determine whether Wausau's post-removal consent was timely.  Removal is proper only if all defendants to an action have expressed their consent to removal within "thirty days after receipt by the defendant[s], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b).

It is an open question in the Ninth Circuit whether the thirty-day limit begins to run at the time service is pefected or whether the time limit only begins after a defendant has actually received the plaintiff's initial pleading.  Plaintiff believes the thirty-day limit begins to run the moment service is perfected, or in this case, once the Insurance Commissioner received Plaintiff's complaint on Wausau's behalf.  However, Defendants contend the thirty-day limit did not begin until Wausau's attorney received the complaint after it was forwarded to him by the Insurance Commissioner.  In considering when the thirty-day time limit begins, the Court concurs with Judge Edward C. Reed's determination in *Pilot Trading Company v. Hartford Insurance Group*, 946 F.Supp. 834 (D. Nev. 1996), that the thirty-day limit does not begin to run until a defendant actually receives a complaint after it has been served on a government official on the defendant's behalf.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND * 5

The "core function of service is to supply notice . . . that
affords the defendant a fair opportunity to answer the complaint and
present defenses and objections." *Henderson v. United States*, 517 U.S.
564 (1996). "Removal is one such defense or objection." *Pilot Trading
Co.*, 946 F.Supp. at 838. As such, defendants must be given notice of
actions pending against them before they are obligated to file a
notice of removal. Serving a government official, such as the
Insurance Commissioner, does not give defendants notice of actions
pending against them, it is only after the service materials are
forwarded to a defendant that it is apprised of its need to remove or
respond. It is conceivable that the Insurance Commissioner could
accept service on behalf of a defendant and negligently fail to
forward the service material to the defendant within thirty days. If
Plaintiff's position were adopted, the defendant would be wholly
precluded from removing the action to federal court for no fault of
its own. For this reason, the Court believes a better understanding
of the thirty-day rule is one that requires the defendant to have
notice of the suit pending against it before the thirty-day limit
begins to run.

\\\
\\\
\\\
\\\
\\\
\\\
\\\

ORDER DENYING PLAINTIFF'S MOTION TO REMAND * 6

        Thus, because nothing in the record indicates Wausau had notice
of Plaintiff's suit prior to April 19, 2005, the Court determines
Wausau had until May 19, 2005, to consent to removal. Because Wausau's
Demand for Jury and Answer were respectively file on May 6, 2005, and
May 9, 2005, the Court finds that Wausau's consent was timely made and
removal was proper. **ACCORDINGLY, IT IS HEREBY ORDERED:** Plaintiff's
Motion to Remand, **(Ct. Rec. 8),** is **DENIED.**

        **IT IS SO ORDERED.**  The District Court Executive is directed to
enter this Order and provide copies to counsel.

        **DATED** this ____8th____ day of July 2005.


                    _____S/ Edward F. Shea_____
                          EDWARD F. SHEA
                    United States District Judge

Q:\Civil\2005\0133.remand.wpd

ORDER DENYING PLAINTIFF'S MOTION TO REMAND * 7